# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

~~SEALED~~

**VLADIMIR HANDL, et al.**
**SEE ATTACHMENT A**

CR15 - 0126 WHA

DEFENDANT(S).

## INDICTMENT

VIOLATIONS:  Title 18, United States Code, Section 1962(d) – Racketeering Conspiracy; Title 18, United States Code, Section 1962(c) – Racketeering; Title 18, United States Code, Section 1956(h) – Money Laundering Conspiracy; Title 18, United States Code, Section 1956(a)(3)(A) & (B) – Money Laundering;  Title 18, United States Code, Section 641 – Theft of United States Property; Title 21, United States Code, Section 846 – Narcotics Conspiracy; Title 18, United States Code, Section 2 – Aiding & Abetting; Title 18, United States Code, Sections 1963, 982(a)(1), and 981(a)(1)(C), Title 21, United States Code, Section 853(a)(1) & (2), and Title 28, United States Code, Section 2461(c) – Forfeiture

A true bill.

_____
Foreman

Filed in open court this _24th_ day of

_March 2015_                    3-24-15

_____
Clerk

ROSE MAHER

NO BAIL ARREST WARRANT For    John McGahn
                                                Bonnie Grissett
                                                Richard Bush

**ATTACHMENT A**

(1) VLADIMIR HANDL,
(2) MICHAEL ROSE,
(3) PETER SCALISE,
(4) PML CLUBS, INC.,
(5) DAVID GAITHER,
(6) RICHARD LEYLAND,
(7) EDWIN HETHERTON,
(8) PAUL FINK,
(9) JOHN DAVID MCGAHA,
(10) DOMINIC GABRIEL GRISSETT, and
(11) RICHARD OBRYANT BUSH,

## United States District Court
## Northern District of California



# CRIMINAL COVER SHEET

**Instructions:** Effective January 3, 2012, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.

**Case Name:**

USA v. Vladimir Handle, et al.

**C R 15    0175    VC**

**Case Number:**

**Total Number of Defendants:**

1 ☐    2-7 ☐    8 or more ☑

**Is This Case Under Seal?**

Yes ☑    No ☐

**Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?**

Yes ☐    No ☑

**Venue (Per Crim. L.R. 18-1):**

SF ☑    OAK ☐    SJ ☐    EUR ☐    MON ☐

**Is any defendant charged with a death-penalty-eligible crime?**

Yes ☐    No ☑

**Assigned AUSA (Lead Attorney):**

Wilson Leung

**Is this a RICO Act gang case?**

Yes ☐    No ☑

**Date Submitted:**

March 24, 2015

**Comments:**

[ Save ]    [ Print ]    [ Clear Form ]

July 2013

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT | **Name of District Court, and/or Judge/Magistrate Location**
☑ SUPERSEDING | **NORTHERN DISTRICT OF CALIFORNIA**

---— OFFENSE CHARGED —---

Please see attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
Please see attached

**DEFENDANT - U.S.**

VLADIMIR HANDL

DISTRICT COURT NUMBER
15-CR-0126   WHO

*FILED*
*MAR 24 2015*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

---— PROCEEDING —---

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent, Jonathan Fisher, Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

**Name and Office of Person Furnishing Information on THIS FORM**   Melinda Haag
☑ U.S. Att'y ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)**   W.S. Wilson Leung

---— DEFENDANT —---

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---— ADDITIONAL INFORMATION OR COMMENTS —---

**PROCESS:**
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time:

Before Judge:

Comments:

<u>United States</u> v. <u>Vladimir Handl</u>
Penalty Sheet (cont'd)

<u>Count One (Racketeering Conspiracy)</u>
Maximum term of imprisonment:        20 years
Maximum term of supervised release:   3 years
Maximum fine:                        $250,000 or 2x gain/loss
Mandatory special assessment:        $100

<u>Count Two (Racketeering)</u>
Maximum term of imprisonment:        20 years
Maximum term of supervised release:   3 years
Maximum fine:                        $250,000 or 2x gain/loss
Mandatory special assessment:        $100

<u>Count Three (Money Laundering Conspiracy)</u>
Maximum term of imprisonment:        20 years
Maximum term of supervised release:   3 years
Maximum fine:                        $500,000 or 2x value of property
Mandatory special assessment:        $100

<u>Counts Four through One Hundred Twenty-One (Money Laundering)</u>
*Each count*
Maximum term of imprisonment:        20 years
Maximum term of supervised release:   3 years
Maximum fine:                        $500,000 or 2x value of property
Mandatory special assessment:        $100

<u>Count One Hundred Thirty-Two (Narcotics Conspiracy)</u>
Maximum term of imprisonment:        Life
Mandatory minimum term of
Imprisonment:                        10 years
Maximum term of supervised release:   Life
Mandatory minimum term of supervised
Release:                             5 years
Maximum fine:                        $10 million or 2x gain/loss
Mandatory special assessment:        $100

All counts: Restitution and Forfeiture

Maximum aggregate term of imprisonment: Life + 2,420 years

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─── OFFENSE CHARGED ───

Please see attached

☐ Petty
☐ Minor
☐ Misde-
  meanor
☑ Felony

PENALTY:
Please see attached

─── DEFENDANT - U.S. ───

▶ MICHAEL ROSE

DISTRICT COURT NUMBER
15-CR-0126  WHO

*FILED*
MAR 24 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── PROCEEDING ───
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent, Jonathan Fisher, Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   } SHOW DOCKET NO.
  ☐ U.S. Att'y   ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant   } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

**Name and Office of Person Furnishing Information on THIS FORM**   Melinda Haag
☑ U.S. Att'y   ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)**   W.S. Wilson Leung

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

United States v. Michael Rose
Penalty Sheet (cont'd)

Count One (Racketeering Conspiracy)

| | |
|---|---|
| Maximum term of imprisonment: | 20 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | $250,000 or 2x gain/loss |
| Mandatory special assessment: | $100 |

Count Two (Racketeering)

| | |
|---|---|
| Maximum term of imprisonment: | 20 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | $250,000 or 2x gain/loss |
| Mandatory special assessment: | $100 |

Count Three (Money Laundering Conspiracy)

| | |
|---|---|
| Maximum term of imprisonment: | 20 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | $500,000 or 2x value of property |
| Mandatory special assessment: | $100 |

Counts Seventeen through One Hundred Twenty-One (Money Laundering)

*Each count*

| | |
|---|---|
| Maximum term of imprisonment: | 20 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | $500,000 or 2x value of property |
| Mandatory special assessment: | $100 |

Count One Hundred Thirty-Two (Narcotics Conspiracy)

| | |
|---|---|
| Maximum term of imprisonment: | Life |
| Mandatory minimum term of Imprisonment: | 10 years |
| Maximum term of supervised release: | Life |
| Mandatory minimum term of supervised Release: | 5 years |
| Maximum fine: | $10 million or 2x gain/loss |
| Mandatory special assessment: | $100 |

All counts: Restitution and Forfeiture

Maximum aggregate term of imprisonment: Life + 2,160 years

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                 ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

┌─ OFFENSE CHARGED ─────────────────────┐
Please see attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
Please see attached

─ DEFENDANT - U.S. ─

▶ PETER SCALISE

DISTRICT COURT NUMBER
15-CR-0126  W HO

*FILED*
MAR 24 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

┌─ PROCEEDING ─────────────────────────┐
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent, Jonathan Fisher, Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40.  Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:                          SHOW
   ☐ U.S. Att'y  ☐ Defense            DOCKET NO.
   this prosecution relates to a
   pending case involving this same
   defendant                           MAGISTRATE
   prior proceedings or appearance(s)  CASE NO.
   before U.S. Magistrate regarding ▶
   this defendant were recorded under

Name and Office of Person
Furnishing Information on    Melinda Haag
    THIS FORM
    ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
    (if assigned)    W.S. Wilson Leung

────────────── DEFENDANT ──────────────

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
      If not detained give date any prior summons ▶
      was served on above charges
2) ☐ Is a Fugitive
3) ☑ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other       } ☐ Fed'l  ☐ State
      charges
      If answer to (6) is "Yes", show name of institution

Has detainer       ☐ Yes    If "Yes"
been filed?        ☐ No     give date
                            filed

**DATE OF
ARREST** ▶         Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

──────────── ADDITIONAL INFORMATION OR COMMENTS ────────────

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:        *Where defendant previously apprehended on complaint, no new summons
☐ Arraignment  ☐ Initial Appearance   or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time:

Before Judge:

Comments:

United States v. Peter Scalise

Penalty Sheet (cont'd)

<u>Count One (Racketeering Conspiracy)</u>
Maximum term of imprisonment:          20 years
Maximum term of supervised release:    3 years
Maximum fine:                          $250,000 or 2x gain/loss
Mandatory special assessment:          $100

<u>Count Two (Racketeering)</u>
Maximum term of imprisonment:          20 years
Maximum term of supervised release:    3 years
Maximum fine:                          $250,000 or 2x gain/loss
Mandatory special assessment:          $100

<u>Count Three (Money Laundering Conspiracy)</u>
Maximum term of imprisonment:          20 years
Maximum term of supervised release:    3 years
Maximum fine:                          $500,000 or 2x value of property
Mandatory special assessment:          $100

<u>Counts Four through One Hundred Twenty-One (Money Laundering)</u>
*Each count*
Maximum term of imprisonment:          20 years
Maximum term of supervised release:    3 years
Maximum fine:                          $500,000 or 2x value of property
Mandatory special assessment:          $100

All counts: Restitution and Forfeiture

Maximum aggregate term of imprisonment: 2,420 years

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

──── OFFENSE CHARGED ────

Please see attached

☐ Petty
☐ Minor
☐ Misde-
     meanor
☑ Felony

PENALTY:
Please see attached

─── DEFENDANT - U.S. ───

▸ PML CLUBS, INC.

DISTRICT COURT NUMBER
15-CR-0126 W HO

*FILED*
MAR 24 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

──── PROCEEDING ────
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent, Jonathan Fisher, Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:            SHOW
    ☐ U.S. Att'y ☐ Defense    DOCKET NO.
☐ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)   MAGISTRATE
before U.S. Magistrate regarding    CASE NO.
this defendant were recorded under ▸

Name and Office of Person
Furnishing Information on    Melinda Haag
THIS FORM
☑ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

──────── DEFENDANT ────────

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
     If not detained give date any prior summons
     was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other     ☐ Fed'l   ☐ State
        charges
     If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No     give date
                          filed

DATE OF    Month/Day/Year
ARREST ▸

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY ▸

☐ This report amends AO 257 previously submitted

──── ADDITIONAL INFORMATION OR COMMENTS ────

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                       or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

United States v. PML Clubs, Inc.

Penalty Sheet (cont'd)

<u>Count One (Racketeering Conspiracy)</u>

Maximum fine:                                    $250,000 or 2x gain/loss

Mandatory special assessment:          $100

<u>Count Two (Racketeering)</u>

Maximum fine:                                    $250,000 or 2x gain/loss

Mandatory special assessment:          $100

<u>Count Three (Money Laundering Conspiracy)</u>

Maximum fine:                                    $500,000 or 2x value of property

Mandatory special assessment:          $100

<u>Counts Seventeen through One Hundred Twenty-One (Money Laundering)</u>

*Each count*

Maximum fine:                                    $500,000 or 2x value of property

Mandatory special assessment:          $100

All counts: Restitution and Forfeiture

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

**MAR 24 2015**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─ OFFENSE CHARGED ─

Please see attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
Please see attached

*SEALED BY COURT ORDER*

─ DEFENDANT - U.S. ─

▶ DAVID GAITHER

DISTRICT COURT NUMBER
15-CR-0126  W HO

─── PROCEEDING ───
**Name of Complainant Agency, or Person (&Title, if any)**
Special Agent, Jonathan Fisher, Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:     **SHOW DOCKET NO.**
    ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant     **MAGISTRATE CASE NO.**

prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

**Name and Office of Person**
**Furnishing Information on**    Melinda Haag
    **THIS FORM**
☑ U.S. Att'y  ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y**
    (if assigned)    W.S. Wilson Leung

─── DEFENDANT ───
**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  }  ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  }  If "Yes" give date filed
                          ☐ No

**DATE OF ARREST** ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

─────── ADDITIONAL INFORMATION OR COMMENTS ───────
**PROCESS:**
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time: _____

Before Judge: _____

Comments:

United States v. David Gaither
Penalty Sheet (cont'd)

Count One (Racketeering Conspiracy)

| | |
|---|---|
| Maximum term of imprisonment: | 20 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | $250,000 or 2x gain/loss |
| Mandatory special assessment: | $100 |

Count Three (Money Laundering Conspiracy)

| | |
|---|---|
| Maximum term of imprisonment: | 20 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | $500,000 or 2x value of property |
| Mandatory special assessment: | $100 |

Count One Hundred Thirty-Two (Narcotics Conspiracy)

| | |
|---|---|
| Maximum term of imprisonment: | Life |
| Mandatory minimum term of Imprisonment: | 10 years |
| Maximum term of supervised release: | Life |
| Mandatory minimum term of supervised Release: | 5 years |
| Maximum fine: | $10 million or 2x gain/loss |
| Mandatory special assessment: | $100 |

All counts: Restitution and Forfeiture

Maximum aggregate term of imprisonment: Life + 40 years

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
                                   ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

Please see attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
Please see attached

─ DEFENDANT - U.S. ─

▶ RICHARD LEYLAND

DISTRICT COURT NUMBER
15-CR-0126 W Ho

*FILED*
*MAR 24 2015*
*RICHARD W. WIEKING*
*CLERK U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent, Jonathan Fisher, Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40. Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:                          SHOW
   ☐ U.S. Att'y  ☐ Defense             DOCKET NO.
☐ this prosecution relates to a
   pending case involving this same
   defendant                          MAGISTRATE
☐ prior proceedings or appearance(s)  CASE NO.
   before U.S. Magistrate regarding
   this defendant were recorded under

Name and Office of Person
Furnishing Information on    Melinda Haag
  THIS FORM
                        ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
  (if assigned)    W.S. Wilson Leung

### DEFENDANT

**IS *NOT* IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
      was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge
5) ☐ On another conviction                    ┐
6) ☐ Awaiting trial on other      } ☐ Fed'l  ☐ State
      charges                                  ┘
   If answer to (6) is "Yes", show name of institution

Has detainer      ☐ Yes    If "Yes"
been filed?       ☐ No     give date
                            filed

**DATE OF**          Month/Day/Year
**ARREST** ▶

   Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**   Month/Day/Year
**TO U.S. CUSTODY** ▶

☐ This report amends AO 257 previously submitted

### ─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:
   If Summons, complete following:
   ☐ Arraignment  ☐ Initial Appearance  *Where defendant previously apprehended on complaint, no new summons
   Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

                        Date/Time:

                        Before Judge:

   Comments:

United States v. Richard Leyland
Penalty Sheet (cont'd)

Count Twenty-Two (Money Laundering Conspiracy)

| | |
|---|---|
| Maximum term of imprisonment: | 20 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | $500,000 or 2x value of property |
| Mandatory special assessment: | $100 |

Counts One Hundred Twenty-Six through One Hundred Twenty-Nine (Money Laundering)

*Each count*

| | |
|---|---|
| Maximum term of imprisonment: | 20 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | $500,000 or 2x value of property |
| Mandatory special assessment: | $100 |

Count One Hundred Thirty-One (Theft of United States Property)

| | |
|---|---|
| Maximum term of imprisonment: | 10 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | $250,000 or 2x gain/loss |
| Mandatory special assessment: | $100 |

All counts: Restitution and Forfeiture

Maximum aggregate term of imprisonment: 110 years

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
                                    ☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

### OFFENSE CHARGED

Please see attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
Please see attached

— DEFENDANT - U.S.

► EDWIN HETHERTON

DISTRICT COURT NUMBER
15-CR-0126  W HO

*FILED
MAR 24 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA*

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent, Jonathan Fisher, Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y   ☐ Defense       SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
                                    MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on THIS FORM   Melinda Haag
☑ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   W.S. Wilson Leung

### DEFENDANT

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No  } If "Yes" give date filed

DATE OF ARREST ►   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ►   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

United States v. Edwin Hetherton
Penalty Sheet (cont'd)

Count Twenty-Two (Money Laundering Conspiracy)

| | |
|---|---|
| Maximum term of imprisonment: | 20 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | $500,000 or 2x value of property |
| Mandatory special assessment: | $100 |

Counts One Hundred Twenty-Three through One Hundred Twenty-Five (Money Laundering)
*Each count*

| | |
|---|---|
| Maximum term of imprisonment: | 20 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | $500,000 or 2x value of property |
| Mandatory special assessment: | $100 |

Count One Hundred Thirty (Theft of United States Property)

| | |
|---|---|
| Maximum term of imprisonment: | 10 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | $250,000 or 2x gain/loss |
| Mandatory special assessment: | $100 |

All counts: Restitution and Forfeiture

Maximum aggregate term of imprisonment: 90 years

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                  ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

*FILED*

─ OFFENSE CHARGED ─

Please see attached

☐ Petty
☐ Minor
☐ Misde-
     meanor
☑ Felony

PENALTY:
Please see attached

─ DEFENDANT - U.S. ─

▶ PAUL FINK

*MAR 24 2015*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

DISTRICT COURT NUMBER
15-CR-0126 W HO

─ PROCEEDING ─

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent, Jonathan Fisher, Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State
    Court, give name of court

☐ this person/proceeding is transferred from another
    district per (circle one) FRCrP 20, 21 or 40.  Show
    District

☐ this is a reprosecution of
    charges previously dismissed
    which were dismissed on
    motion of:                     SHOW
        ☐ U.S. Att'y  ☐ Defense   DOCKET NO.
☐ this prosecution relates to a
    pending case involving this same
    defendant                      MAGISTRATE
    prior proceedings or appearance(s)  CASE NO.
    before U.S. Magistrate regarding
    this defendant were recorded under ▶

Name and Office of Person
Furnishing Information on   Melinda Haag
    THIS FORM
        ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
    (if assigned)   W.S. Wilson Leung

─ DEFENDANT ─

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
         If not detained give date any prior summons
         was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges    } ☐ Fed'l  ☐ State

         If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No      give date
                          filed

**DATE OF ARREST** ▶    Month/Day/Year

         Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

    If Summons, complete following:
        ☐ Arraignment  ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
    Defendant Address:                          or warrant needed, since Magistrate has scheduled arraignment

                                    Date/Time:
                                    Before Judge:

Comments:

<u>United States</u> v. <u>Paul Fink</u>
Penalty Sheet (cont'd)

<u>Count One Hundred Thirty-Two (Narcotics Conspiracy)</u>

| | |
|---|---|
| Maximum term of imprisonment: | Life |
| Mandatory minimum term of Imprisonment: | 10 years |
| Maximum term of supervised release: | Life |
| Mandatory minimum term of supervised Release: | 5 years |
| Maximum fine: | $10 million or 2x gain/loss |
| Mandatory special assessment: | $100 |

Restitution and Forfeiture

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

— OFFENSE CHARGED ——————

Please see attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
Please see attached

— DEFENDANT - U.S. ——————

▶ JOHN DAVID MCGAHA

DISTRICT COURT NUMBER
15-CR-0126  *WHO*

*FILED*
MAR 24 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

—————————— DEFENDANT ——————————

**IS *NOT* IN CUSTODY**

— PROCEEDING —————————
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent, Jonathan Fisher, Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40.  Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on
THIS FORM    Melinda Haag
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

1) ☑ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other
charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer
been filed?    ☐ Yes  If "Yes"
☐ No    give date
filed

**DATE OF
ARREST** ▶

Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▶
**TO U.S. CUSTODY**

Month/Day/Year

☐ This report amends AO 257 previously submitted

—————— ADDITIONAL INFORMATION OR COMMENTS ——————

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT  Bail Amount: No bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

United States v. John David McGaha
Penalty Sheet (cont'd)

Count One Hundred Thirty-Two (Narcotics Conspiracy)

| | |
|---|---|
| Maximum term of imprisonment: | Life |
| Mandatory minimum term of Imprisonment: | 10 years |
| Maximum term of supervised release: | Life |
| Mandatory minimum term of supervised Release: | 5 years |
| Maximum fine: | $10 million or 2x gain/loss |
| Mandatory special assessment: | $100 |

Restitution and Forfeiture

AO 25. (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED
Please see attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
Please see attached

── DEFENDANT - U.S. ──

▸ DOMINIC GABRIEL GRISSETT

*FILED*

DISTRICT COURT NUMBER
15-CR-0126 W HO

*MAR 24 2015*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

## PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent, Jonathan Fisher, Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM   Melinda Haag
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

── DEFENDANT ──

**IS *NOT* IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes ☐ No   If "Yes" give date filed

DATE OF ARREST ▸   Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▸   Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS
PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT   Bail Amount: No bail
If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:
Comments:

United States v. Dominic Gabriel Grissett
Penalty Sheet (cont'd)

Count One Hundred Thirty-Two (Narcotics Conspiracy)

| | |
|---|---|
| Maximum term of imprisonment: | Life |
| Mandatory minimum term of Imprisonment: | 10 years |
| Maximum term of supervised release: | Life |
| Mandatory minimum term of supervised Release: | 5 years |
| Maximum fine: | $10 million or 2x gain/loss |
| Mandatory special assessment: | $100 |

Restitution and Forfeiture

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED

### OFFENSE CHARGED

Please see attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
Please see attached

### DEFENDANT - U.S.

▶ RICHARD OBRYANT BUSH

MAR 24 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT NUMBER
15-CR-0126  W HO

### PROCEEDING

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent, Jonathan Fisher, Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
Melinda Haag
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  W.S. Wilson Leung

### DEFENDANT

**IS _NOT_ IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT  Bail Amount: No bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:

Before Judge:

Comments:

<u>United States</u> v. <u>Richard Obryant Bush</u>
Penalty Sheet (cont'd)

<u>Count One Hundred Thirty-Two (Narcotics Conspiracy)</u>
Maximum term of imprisonment:            Life
Mandatory minimum term of
Imprisonment:                            10 years
Maximum term of supervised release:      Life
Mandatory minimum term of supervised
Release:                                 5 years
Maximum fine:                            $10 million or 2x gain/loss
Mandatory special assessment:            $100

Restitution and Forfeiture

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11
   UNITED STATES OF AMERICA            )   No. CR-15-0126 WHO
12                                      )
               v.                       )
13                                      )   VIOLATIONS:  Title 18, United States Code, Section
                                        )   1962(d) – Racketeering Conspiracy; Title 18, United
14 (1) VLADIMIR HANDL,                  )   States Code, Section 1962(c) – Racketeering; Title
   (2) MICHAEL ROSE,                    )   18, United States Code, Section 1956(h) – Money
15 (3) PETER SCALISE,                   )   Laundering Conspiracy; Title 18, United States Code,
   (4) PML CLUBS, INC.,                 )   Section 1956(a)(3)(A) & (B) – Money Laundering;
16 (5) DAVID GAITHER,                   )   Title 18, United States Code, Section 641 – Theft of
   (6) RICHARD LEYLAND,                 )   United States Property; Title 21, United States Code,
17 (7) EDWIN HETHERTON,                 )   Section 846 – Narcotics Conspiracy; Title 18, United
   (8) PAUL FINK,                       )   States Code, Section 2 – Aiding & Abetting; Title 18,
18 (9) JOHN DAVID MCGAHA,               )   United States Code, Sections 1963, 982(a)(1), and
   (10) DOMINIC GABRIEL GRISSETT, and   )   981(a)(1)(C), Title 21, United States Code, Section
19 (11) RICHARD OBRYANT BUSH,           )   853(a)(1) & (2), and Title 28, United States Code,
                                        )   Section 2461(c) – Forfeiture
20             Defendants.              )
                                        )   SAN FRANCISCO VENUE
21 _____ )
                                            UNDER SEAL
22

23           F I R S T   S U P E R S E D I N G   I N D I C T M E N T

24 The Grand Jury charges:

25 COUNT ONE:  (18 U.S.C. § 1962(d) – Racketeering Conspiracy)

26                        Introductory Allegations

27        At all times relevant to this Indictment:

28        1.        Defendant VLADIMIR HANDL was a businessman in Myrtle Beach, South Carolina,

1  with a variety of business interests, including interests in restaurants, night clubs, and personal fitness.

2  HANDL operated and controlled, among other entities, VIP Group, LLC, International VH, LLC, and

3  Heat Lounge, LLC.  Defendant MICHAEL ROSE, like HANDL, was a businessman in the Myrtle

4  Beach area, with interests in, among other things, restaurants, night clubs, and strip clubs.  ROSE was

5  the principal owner of defendant PML CLUBS, INC.  PML CLUBS, INC., was a Delaware corporation

6  with ROSE in South Carolina as its registered agent.  ROSE, through PML CLUBS, INC., owned the

7  rights to use the name "The Gold Club" in connection with the operation of strip clubs.  ROSE, through

8  PML CLUBS, INC., licensed the name "The Gold Club" to franchisees throughout the United States.

9  ROSE, through PML CLUBS, INC., also directly operated a variety of strip clubs on the East Coast of

10  the United States, including The Gold Clubs in Myrtle Beach, Hilton Head, and Wellford in South

11  Carolina, The Gold Club in Wilmington, Delaware, and The Gold Club in Bedford, New Hampshire.  In

12  addition to PML CLUBS, INC., ROSE also operated and controlled, among other entities, Explosive

13  Clubs, Inc., Nightclub and Restaurant Services, LLC, Legacy Entertainment, East Coast Restaurant &

14  Nightclubs, and Micro Management Group, LLC.

15      2.      Defendant DAVID GAITHER was an associate of MICHAEL ROSE and helped manage

16  some of ROSE's strip clubs.  Defendant PETER SCALISE was an associate of HANDL who, at one

17  time, operated a restaurant with HANDL.  SCALISE was also a brother-in-law of Edwin Hetherton,

18  with whom he engaged in fraudulent real estate transactions.

19                          The Racketeering Enterprise

20      3.      Defendants VLADIMIR HANDL, MICHAEL ROSE, PETER SCALISE, PML CLUBS,

21  INC., and DAVID GAITHER, and the entities operated and controlled by HANDL and ROSE,

22  including VIP Group, LLC, International VH, LLC, and Heat Lounge, LLC, Explosive Clubs, Inc.,

23  Nightclub and Restaurant Services, LLC, Legacy Entertainment, East Coast Restaurant & Nightclubs,

24  and Micro Management Group, LLC, together with others known and unknown, comprised the "Handl

25  Enterprise."  The Handl Enterprise, including its leadership, members, and associates, in the Northern

26  District of California and elsewhere, constituted an "enterprise" as defined in Title 18, United States

27  Code, Section 1961(4), that is, a group of individuals and entities associated in fact.  The enterprise

28  constituted an ongoing organization whose members functioned as a continuing unit for a common

1  purpose of achieving the objectives of the enterprise.  The enterprise engaged in, and its activities

2  affected, interstate and foreign commerce.

3                              Purposes of the Enterprise

4          4.     The purposes of the Handl Enterprise included but were not limited to the following:

5                  a.     Obtaining profits and property for its members and associates through the

6  commission of criminal acts, including, but not limited to, laundering money;

7                  b.     Promoting and enhancing the enterprise and the activities of its members and

8  associates;

9                  c.     Providing assistance to other enterprise members and associates in order to

10  hinder, obstruct, and prevent law enforcement officers from identifying the offenders, apprehending the

11  offenders, and successfully prosecuting and punishing the offenders.

12                          Means and Methods of the Enterprise

13         5.     Among the means and methods by which the members and associates of the Handl

14  Enterprise conducted and participated in the conduct of the affairs of the enterprise were the following:

15                  a.     The members and associates of the Handl Enterprise sought to establish

16  relationships with individuals they believed were engaged in criminal activity in order to cultivate

17  clients for the Handl Enterprise's money laundering services.

18                  b.     The members and associates of the Handl Enterprise created shell business

19  entities in order to use these entities for their money laundering activities.

20                  c.     The members and associates of the Handl Enterprise created documents

21  containing false information, such as fraudulent invoices, false contracts, and other fraudulent business

22  records, in order to facilitate their money laundering activities.

23                  d.     The members and associates of the Handl Enterprise used assets and property of

24  PML CLUBS, INC., and other entities operated and controlled by HANDL and ROSE in order to

25  facilitate their money laundering activities.

26                  f.     The members and associates of the Handl Enterprise solicited investments from

27  individuals they believed were engaged in criminal activity.

28  //

The Racketeering Conspiracy

6.     From at least in or about 2011, up through and including the date of this Indictment, in the Northern District of California and elsewhere, the defendants,

(1) VLADIMIR HANDL,

(2) MICHAEL ROSE,

(3) PETER SCALISE,

(4) PML CLUBS, INC., and

(5) DAVID GAITHER,

and others known and unknown, being persons employed by and associated with the enterprise described above, namely, the Handl Enterprise, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully and knowingly combined, conspired, confederated, and agreed together and with each other to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, which pattern of racketeering consisted of:

        a.     multiple acts indictable under Title 18, United States Code, Sections 1956 and 1344; and

        b.     offenses involving dealing in a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

7.     It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

        All in violation of Title 18, United States Code, Section 1962(d).

COUNT TWO:  (18 U.S.C. § 1962(c) – Racketeering)

8.     Paragraphs 1 through 5 of this Indictment are realleged, repeated, and incorporated by reference as though fully set forth herein.

9.     From at least in or about 2011, up through and including the date of this Indictment, in the Northern District of California and elsewhere, the defendants,

(1) VLADIMIR HANDL,

(2) MICHAEL ROSE,

1       (3) PETER SCALISE, and

2       (4) PML CLUBS, INC.,

3   and others known and unknown, being persons employed by and associated with the enterprise

4   described above, namely, the Handl Enterprise, which enterprise was engaged in, and the activities of

5   which affected, interstate and foreign commerce, unlawfully and knowingly conducted and participated,

6   directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering

7   activity, that is, through the commission of the acts of racketeering set forth in Paragraphs 10 through 12

8   of this Indictment as Racketeering Acts 1 through 118.

9                           The Pattern of Racketeering Activity

10      10.     The pattern of racketeering activity, as defined in Title 18, United States Code, Sections

11  1961(1) and 1961(5), consisted of the following acts:

12                          Racketeering Acts 1 Through 13

13                              (Money Laundering)

14      11.     Defendants VLADIMIR HANDL and PETER SCALISE committed the following acts of

15  racketeering, which constitute Racketeering Acts 1 through 13:

16          a.      On or about the dates set forth in the following table, in the Northern District of

17  California and elsewhere, the defendants,

18                              VLADIMIR HANDL and

19                              PETER SCALISE,

20  and others known and unknown, unlawfully and knowingly, and with the intent to promote the carrying

21  on of specified unlawful activity and to conceal and disguise the nature, location, source, ownership, and

22  control of property believed to be the proceeds of specified unlawful activity, to wit, concealing property

23  from a court in connection with a case under Title 11, in violation of Title 18, United States Code,

24  Section 152, conducted and attempted to conduct a financial transaction, to wit, wire transfers, involving

25  property represented to be the proceeds of specified unlawful activity, and property used to conduct and

26  facilitate specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(3)(A)

27  & (B) and 2, as described in the following table:

28  //

                                        5

| Racketeering Act | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 1 | January 17, 2012 | Wire Transfer | $13,500 |
| 2 | January 23, 2012 | Wire Transfer | $22,500 |
| 3 | January 30, 2012 | Wire Transfer | $22,500 |
| 4 | February 6, 2012 | Wire Transfer | $22,500 |
| 5 | February 13, 2012 | Wire Transfer | $22,500 |
| 6 | February 21, 2012 | Wire Transfer | $22,500 |
| 7 | February 27, 2012 | Wire Transfer | $22,500 |
| 8 | March 5, 2012 | Wire Transfer | $22,500 |
| 9 | March 12, 2012 | Wire Transfer | $22,500 |
| 10 | March 19, 2012 | Wire Transfer | $22,500 |
| 11 | March 26, 2012 | Wire Transfer | $22,500 |
| 12 | April 3, 2012 | Wire Transfer | $22,500 |
| 13 | April 9, 2012 | Wire Transfer | $9,000 |

<u>Racketeering Acts 14 Through 118</u>

(Money Laundering)

12.    Defendants VLADIMIR HANDL, MICHAEL ROSE, PETER SCALISE, and PML CLUBS, INC., committed the following acts of racketeering, which constitute Racketeering Acts 14 through 118:

a.    On or about the dates set forth in the following table, in the Northern District of California and elsewhere, the defendants,

(1) VLADIMIR HANDL,

(2) MICHAEL ROSE,

(3) PETER SCALISE, and

(4) PML CLUBS, INC.,

and others known and unknown, unlawfully and knowingly, and with the intent to conceal and disguise

6

the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, to wit, distribution of a controlled substance and possession of a controlled substance with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to distribute a controlled substance and to possess a controlled substance with intent to distribute, in violation of Title 21, United States Code, Section 846, conducted and attempted to conduct a financial transaction, to wit, transfers of checks that were subsequently negotiated and wire transfers, involving property represented to be the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2, as described in the following table:

| Racketeering Act | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 14 | June 7, 2012 | Transfer of Check | $27,500 |
| 15 | June 11, 2012 | Transfer of Check | $25,000 |
| 16 | June 14, 2012 | Transfer of Check | $23,975 |
| 17 | June 15, 2012 | Transfer of Check | $13,525 |
| 18 | June 25, 2012 | Transfer of Check | $21,140 |
| 19 | June 28, 2012 | Transfer of Check | $26,850 |
| 20 | July 3, 2012 | Transfer of Check | $18,950 |
| 21 | July 11, 2012 | Transfer of Check | $20,050 |
| 22 | July 16, 2012 | Transfer of Check | $12,050 |
| 23 | July 16, 2012 | Transfer of Check | $13,400 |
| 24 | July 26, 2012 | Transfer of Check | $22,560 |
| 25 | July 22, 2012 | Transfer of Check | $24,750 |
| 26 | July 25, 2012 | Transfer of Check | $19,500 |
| 27 | July 25, 2012 | Transfer of Check | $19,400 |
| 28 | July 27, 2012 | Transfer of Check | $8,060 |
| 29 | July 30, 2012 | Transfer of Check | $5,500 |
| 30 | August 2, 2012 | Transfer of Check | $11,520 |

| Racketeering Act | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 31 | August 5, 2012 | Transfer of Check | $14,380 |
| 32 | August 10, 2012 | Transfer of Check | $8,050 |
| 33 | August 13, 2012 | Transfer of Check | $9,024 |
| 34 | August 15, 2012 | Transfer of Check | $14,816 |
| 35 | August 22, 2012 | Transfer of Check | $14,424 |
| 36 | August 27, 2012 | Transfer of Check | $18,900 |
| 37 | August 31, 2012 | Transfer of Check | $23,700 |
| 38 | September 4, 2012 | Transfer of Check | $9,000 |
| 39 | September 7, 2012 | Transfer of Check | $18,600 |
| 40 | September 10, 2012 | Transfer of Check | $9,000 |
| 41 | September 17, 2012 | Transfer of Check | $18,720 |
| 42 | September 20, 2012 | Transfer of Check | $15,800 |
| 43 | September 21, 2012 | Transfer of Check | $9,000 |
| 44 | September 24, 2012 | Transfer of Check | $16,400 |
| 45 | September 24, 2012 | Transfer of Check | $8,500 |
| 46 | September 28, 2012 | Transfer of Check | $18,044 |
| 47 | October 4, 2012 | Transfer of Check | $18,000 |
| 48 | October 8, 2012 | Transfer of Check | $19,750 |
| 49 | October 13, 2012 | Transfer of Check | $29,400 |
| 50 | October 19, 2012 | Transfer of Check | $9,000 |
| 51 | October 22, 2012 | Transfer of Check | $20,400 |
| 52 | October 25, 2012 | Transfer of Check | $10,200 |
| 53 | October 30, 2012 | Transfer of Check | $14,125 |
| 54 | November 5, 2012 | Transfer of Check | $14,125 |
| 55 | November 9, 2012 | Transfer of Check | $24,000 |

| Racketeering Act | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 56 | November 16, 2012 | Transfer of Check | $22,500 |
| 57 | November 26, 2012 | Transfer of Check | $21,800 |
| 58 | November 29, 2012 | Transfer of Check | $18,500 |
| 59 | December 4, 2012 | Transfer of Check | $34,075 |
| 60 | December 5, 2012 | Transfer of Check | $14,125 |
| 61 | December 12, 2012 | Transfer of Check | $25,640 |
| 62 | December 24, 2012 | Transfer of Check | $24,450 |
| 63 | December 28, 2012 | Transfer of Check | $26,850 |
| 64 | December 31, 2012 | Transfer of Check | $27,225 |
| 65 | January 2, 2013 | Transfer of Check | $16,850 |
| 66 | January 18, 2013 | Transfer of Check | $2,850 |
| 67 | January 28, 2013 | Transfer of Check | $2,850 |
| 68 | February 4, 2013 | Transfer of Check | $8,285 |
| 69 | February 8, 2013 | Transfer of Check | $35,550 |
| 70 | February 8, 2013 | Transfer of Check | $7,500 |
| 71 | February 11, 2013 | Transfer of Check | $25,000 |
| 72 | February 11, 2013 | Transfer of Check | $19,500 |
| 73 | February 11, 2013 | Transfer of Check | $43,500 |
| 74 | February 12, 2013 | Transfer of Check | $15,750 |
| 75 | February 15, 2013 | Transfer of Check | $7,750 |
| 76 | February 20, 2013 | Transfer of Check | $28,450 |
| 77 | March 22, 2013 | Transfer of Check | $5,850 |
| 78 | April 10, 2013 | Transfer of Check | $1,150 |
| 79 | June 24, 2014 | Transfer of Check | $20,000 |
| 80 | June 30, 2014 | Transfer of Check | $15,500 |

| Racketeering Act | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 81 | July 1, 2014 | Transfer of Check | $25,000 |
| 82 | July 7, 2014 | Transfer of Check | $25,000 |
| 83 | July 7, 2014 | Transfer of Check | $21,000 |
| 84 | July 7, 2014 | Transfer of Check | $35,000 |
| 85 | July 8, 2014 | Transfer of Check | $25,000 |
| 86 | July 10, 2014 | Transfer of Check | $25,000 |
| 87 | July 14, 2014 | Wire Transfer | $23,500 |
| 88 | July 14, 2014 | Transfer of Check | $35,000 |
| 89 | July 15, 2014 | Transfer of Check | $16,000 |
| 90 | July 21, 2014 | Transfer of Check | $39,250 |
| 91 | July 22, 2014 | Transfer of Check | $25,000 |
| 92 | July 23, 2014 | Transfer of Check | $25,000 |
| 93 | July 28, 2014 | Transfer of Check | $25,000 |
| 94 | July 28, 2014 | Transfer of Check | $25,750 |
| 95 | August 4, 2014 | Transfer of Check | $35,000 |
| 96 | August 4, 2014 | Transfer of Check | $23,500 |
| 97 | August 12, 2014 | Transfer of Check | $30,000 |
| 98 | August 15, 2014 | Transfer of Check | $25,000 |
| 99 | August 15, 2014 | Transfer of Check | $30,000 |
| 100 | August 17, 2014 | Transfer of Check | $16,500 |
| 101 | August 20, 2014 | Transfer of Check | $30,000 |
| 102 | August 21, 2014 | Transfer of Check | $25,000 |
| 103 | August 25, 2014 | Transfer of Check | $31.250 |
| 104 | August 26, 2014 | Wire Transfer | $20,000 |
| 105 | September 12, 2014 | Transfer of Check | $40,000 |

| Racketeering Act | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 106 | September 13, 2014 | Transfer of Check | $10,000 |
| 107 | September 15, 2014 | Transfer of Check | $25,000 |
| 108 | September 16, 2014 | Transfer of Check | $20,000 |
| 109 | September 19, 2014 | Transfer of Check | $30,000 |
| 110 | September 25, 2014 | Transfer of Check | $15,000 |
| 111 | September 28, 2014 | Transfer of Check | $10,000 |
| 112 | September 29, 2014 | Transfer of Check | $20,000 |
| 113 | September 29, 2014 | Transfer of Check | $20,000 |
| 114 | October 3, 2014 | Transfer of Check | $17,500 |
| 115 | October 15, 2014 | Transfer of Check | $10,000 |
| 116 | December 1, 2014 | Transfer of Check | $3,250 |
| 117 | December 12, 2014 | Transfer of Check | $5,000 |
| 118 | December 31, 2014 | Transfer of Check | $5,000 |

All in violation of Title 18, United States Code, Section 1962(c).

COUNT THREE:  (18 U.S.C. § 1956(h) – Money Laundering Conspiracy)

13.    Paragraphs 1 through 4 of this Indictment are realleged, repeated, and incorporated by reference as though fully set forth herein.

14.    From at least in or about 2011, up through and including the date of this Indictment, in the Northern District of California and elsewhere, the defendants,

(1) VLADIMIR HANDL,

(2) MICHAEL ROSE,

(3) PETER SCALISE,

(4) PML CLUBS, INC., and

(5) DAVID GAITHER,

and others known and unknown, unlawfully and knowingly combined, conspired, confederated, and

1   agreed together and with each other to violate Title 18, United States Code, Section 1956(a)(3)(A) &

2   (B).

3         15.    It was a part and an object of the conspiracy that the defendants,

4              (1) VLADIMIR HANDL,

5              (2) MICHAEL ROSE,

6              (3) PETER SCALISE,

7              (4) PML CLUBS, INC., and

8              (5) DAVID GAITHER,

9   and others known and unknown, with the intent to promote the carrying on of specified unlawful activity

10  and to conceal and disguise the nature, location, source, ownership, and control of property believed to

11  be the proceeds of specified unlawful activity, to wit, concealing property from a court in connection

12  with a case under Title 11, in violation of Title 18, United States Code, Section 152, distribution of a

13  controlled substance and possession of a controlled substance with intent to distribute, in violation of

14  Title 21, United States Code, Section 841(a)(1), and conspiracy to distribute a controlled substance and

15  to possess a controlled substance with intent to distribute, in violation of Title 21, United States Code,

16  Section 846, unlawfully and knowingly would and did conduct and attempt to conduct a financial

17  transaction involving property represented to be the proceeds of specified unlawful activity, and

18  property used to conduct and facilitate specified unlawful activity, in violation of Title 18, United States

19  Code, Section 1956(a)(3)(A) & (B).

20      All in violation of Title 18, United States Code, Section 1956(h).

21  COUNTS FOUR THROUGH SIXTEEN:  (18 U.S.C. §§ 1956(a)(3)(A) & (B) and 2 – Money

22  Laundering)

23        16.    On or about the dates set forth in the following table, in the Northern District of

24  California and elsewhere, the defendants,

25             VLADIMIR HANDL and

26             PETER SCALISE,

27  and others known and unknown, unlawfully and knowingly, and with the intent to promote the carrying

28  on of specified unlawful activity and to conceal and disguise the nature, location, source, ownership, and

control of property believed to be the proceeds of specified unlawful activity, to wit, concealing property

from a court in connection with a case under Title 11, in violation of Title 18, United States Code,

Section 152,  conducted and attempted to conduct a financial transaction, to wit, wire transfers,

involving property represented to be the proceeds of specified unlawful activity, and property used to

conduct and facilitate specified unlawful activity, as described in the following table:

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|-------|-------------------------------|-------------------------------|----------------------------------|
| 4     | January 17, 2012              | Wire Transfer                 | $13,500                          |
| 5     | January 23, 2012              | Wire Transfer                 | $22,500                          |
| 6     | January 30, 2012              | Wire Transfer                 | $22,500                          |
| 7     | February 6, 2012              | Wire Transfer                 | $22,500                          |
| 8     | February 13, 2012             | Wire Transfer                 | $22,500                          |
| 9     | February 21, 2012             | Wire Transfer                 | $22,500                          |
| 10    | February 27, 2012             | Wire Transfer                 | $22,500                          |
| 11    | March 5, 2012                 | Wire Transfer                 | $22,500                          |
| 12    | March 12, 2012                | Wire Transfer                 | $22,500                          |
| 13    | March 19, 2012                | Wire Transfer                 | $22,500                          |
| 14    | March 26, 2012                | Wire Transfer                 | $22,500                          |
| 15    | April 3, 2012                 | Wire Transfer                 | $22,500                          |
| 16    | April 9, 2012                 | Wire Transfer                 | $9,000                           |

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) & (B) and 2.

COUNTS SEVENTEEN THROUGH ONE HUNDRED TWENTY-ONE:  (18 U.S.C. §§ 1956(a)(3)(B)

and 2 – Money Laundering)

17.    On or about the dates set forth in the following table, in the Northern District of

California and elsewhere, the defendants,

(1) VLADIMIR HANDL,

(2) MICHAEL ROSE,

(3) PETER SCALISE, and

(4) PML CLUBS, INC.,

and others known and unknown, unlawfully and knowingly, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, to wit, distribution of a controlled substance and possession of a controlled substance with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy to distribute a controlled substance and to possess a controlled substance with intent to distribute, in violation of Title 21, United States Code, Section 846, conducted and attempted to conduct a financial transaction, to wit, transfers of checks that were subsequently negotiated and wire transfers, involving property represented to be the proceeds of specified unlawful activity, as described in the following table:

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 17 | June 7, 2012 | Transfer of Check | $27,500 |
| 18 | June 11, 2012 | Transfer of Check | $25,000 |
| 19 | June 14, 2012 | Transfer of Check | $23,975 |
| 20 | June 15, 2012 | Transfer of Check | $13,525 |
| 21 | June 25, 2012 | Transfer of Check | $21,140 |
| 22 | June 28, 2012 | Transfer of Check | $26,850 |
| 23 | July 3, 2012 | Transfer of Check | $18,950 |
| 24 | July 11, 2012 | Transfer of Check | $20,050 |
| 25 | July 16, 2012 | Transfer of Check | $12,050 |
| 26 | July 16, 2012 | Transfer of Check | $13,400 |
| 27 | July 26, 2012 | Transfer of Check | $22,560 |
| 28 | July 22, 2012 | Transfer of Check | $24,750 |
| 29 | July 25, 2012 | Transfer of Check | $19,500 |
| 30 | July 25,2012 | Transfer of Check | $19,400 |

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 31 | July 27, 2012 | Transfer of Check | $8,060 |
| 32 | July 30, 2012 | Transfer of Check | $5,500 |
| 33 | August 2, 2012 | Transfer of Check | $11,520 |
| 34 | August 5, 2012 | Transfer of Check | $14,380 |
| 35 | August 10, 2012 | Transfer of Check | $8,050 |
| 36 | August 13, 2012 | Transfer of Check | $9,024 |
| 37 | August 15, 2012 | Transfer of Check | $14,816 |
| 38 | August 22, 2012 | Transfer of Check | $14,424 |
| 39 | August 27, 2012 | Transfer of Check | $18,900 |
| 40 | August 31, 2012 | Transfer of Check | $23,700 |
| 41 | September 4, 2012 | Transfer of Check | $9,000 |
| 42 | September 7, 2012 | Transfer of Check | $18,600 |
| 43 | September 10, 2012 | Transfer of Check | $9,000 |
| 44 | September 17, 2012 | Transfer of Check | $18,720 |
| 45 | September 20, 2012 | Transfer of Check | $15,800 |
| 46 | September 21, 2012 | Transfer of Check | $9,000 |
| 47 | September 24, 2012 | Transfer of Check | $16,400 |
| 48 | September 24, 2012 | Transfer of Check | $8,500 |
| 49 | September 28, 2012 | Transfer of Check | $18,044 |
| 50 | October 4, 2012 | Transfer of Check | $18,000 |
| 51 | October 8, 2012 | Transfer of Check | $19,750 |
| 52 | October 13, 2012 | Transfer of Check | $29,400 |
| 53 | October 19, 2012 | Transfer of Check | $9,000 |
| 54 | October 22, 2012 | Transfer of Check | $20,400 |
| 55 | October 25, 2012 | Transfer of Check | $10,200 |

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 56 | October 30, 2012 | Transfer of Check | $14,125 |
| 57 | November 5, 2012 | Transfer of Check | $14,125 |
| 58 | November 9, 2012 | Transfer of Check | $24,000 |
| 59 | November 16, 2012 | Transfer of Check | $22,500 |
| 60 | November 26, 2012 | Transfer of Check | $21,800 |
| 61 | November 29, 2012 | Transfer of Check | $18,500 |
| 62 | December 4, 2012 | Transfer of Check | $34,075 |
| 63 | December 5, 2012 | Transfer of Check | $14,125 |
| 64 | December 12, 2012 | Transfer of Check | $25,640 |
| 65 | December 24, 2012 | Transfer of Check | $24,450 |
| 66 | December 28, 2012 | Transfer of Check | $26,850 |
| 67 | December 31, 2012 | Transfer of Check | $27,225 |
| 68 | January 2, 2013 | Transfer of Check | $16,850 |
| 69 | January 18, 2013 | Transfer of Check | $2,850 |
| 70 | January 28, 2013 | Transfer of Check | $2,850 |
| 71 | February 4, 2013 | Transfer of Check | $8,285 |
| 72 | February 8, 2013 | Transfer of Check | $35,550 |
| 73 | February 8, 2013 | Transfer of Check | $7,500 |
| 74 | February 11, 2013 | Transfer of Check | $25,000 |
| 75 | February 11, 2013 | Transfer of Check | $19,500 |
| 76 | February 11, 2013 | Transfer of Check | $43,500 |
| 77 | February 12, 2013 | Transfer of Check | $15,750 |
| 78 | February 15, 2013 | Transfer of Check | $7,750 |
| 79 | February 20, 2013 | Transfer of Check | $28,450 |
| 80 | March 22, 2013 | Transfer of Check | $5,850 |

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|-------|-------------------------------|-------------------------------|---------------------------------|
| 81 | April 10, 2013 | Transfer of Check | $1,150 |
| 82 | June 24, 2014 | Transfer of Check | $20,000 |
| 83 | June 30, 2014 | Transfer of Check | $15,500 |
| 84 | July 1, 2014 | Transfer of Check | $25,000 |
| 85 | July 7, 2014 | Transfer of Check | $25,000 |
| 86 | July 7, 2014 | Transfer of Check | $21,000 |
| 87 | July 7, 2014 | Transfer of Check | $35,000 |
| 88 | July 8, 2014 | Transfer of Check | $25,000 |
| 89 | July 10, 2014 | Transfer of Check | $25,000 |
| 90 | July 14, 2014 | Wire Transfer | $23,500 |
| 91 | July 14, 2014 | Transfer of Check | $35,000 |
| 92 | July 15, 2014 | Transfer of Check | $16,000 |
| 93 | July 21, 2014 | Transfer of Check | $39,250 |
| 94 | July 22, 2014 | Transfer of Check | $25,000 |
| 95 | July 23, 2014 | Transfer of Check | $25,000 |
| 96 | July 28, 2014 | Transfer of Check | $25,000 |
| 97 | July 28, 2014 | Transfer of Check | $25,750 |
| 98 | August 4, 2014 | Transfer of Check | $35,000 |
| 99 | August 4, 2014 | Transfer of Check | $23,500 |
| 100 | August 12, 2014 | Transfer of Check | $30,000 |
| 101 | August 15, 2014 | Transfer of Check | $25,000 |
| 102 | August 15, 2014 | Transfer of Check | $30,000 |
| 103 | August 17, 2014 | Transfer of Check | $16,500 |
| 104 | August 20, 2014 | Transfer of Check | $30,000 |
| 105 | August 21, 2014 | Transfer of Check | $25,000 |

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|-------|-------------------------------|-------------------------------|---------------------------------|
| 106 | August 25, 2014 | Transfer of Check | $31.250 |
| 107 | August 26, 2014 | Wire Transfer | $20,000 |
| 108 | September 12, 2014 | Transfer of Check | $40,000 |
| 109 | September 13, 2014 | Transfer of Check | $10,000 |
| 110 | September 15, 2014 | Transfer of Check | $25,000 |
| 111 | September 16, 2014 | Transfer of Check | $20,000 |
| 112 | September 19, 2014 | Transfer of Check | $30,000 |
| 113 | September 25, 2014 | Transfer of Check | $15,000 |
| 114 | September 28, 2014 | Transfer of Check | $10,000 |
| 115 | September 29, 2014 | Transfer of Check | $20,000 |
| 116 | September 29, 2014 | Transfer of Check | $20,000 |
| 117 | October 3, 2014 | Transfer of Check | $17,500 |
| 118 | October 15, 2014 | Transfer of Check | $10,000 |
| 119 | December 1, 2014 | Transfer of Check | $3,250 |
| 120 | December 12, 2014 | Transfer of Check | $5,000 |
| 121 | December 31, 2014 | Transfer of Check | $5,000 |

All in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

COUNT ONE HUNDRED TWENTY-TWO:  (18 U.S.C. § 1956(h) – Money Laundering Conspiracy)

18.    From at least in or about 2010, up through and including the date of this Indictment, in the Northern District of California and elsewhere, the defendants,

RICHARD LEYLAND and

EDWIN HETHERTON,

and others known and unknown, unlawfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 1956(a)(3)(A) & (B).

18

19.     It was a part and an object of the conspiracy that the defendants,

RICHARD LEYLAND and

EDWIN HETHERTON,

and others known and unknown, with the intent to promote the carrying on of specified unlawful activity and to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, to wit, concealing property from a court in connection with a case under Title 11, in violation of Title 18, United States Code, Section 152, unlawfully and knowingly would and did conduct and attempt to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, and property used to conduct and facilitate specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(A) & (B).

All in violation of Title 18, United States Code, Section 1956(h).

COUNTS ONE HUNDRED TWENTY-THREE THROUGH ONE HUNDRED TWENTY-FIVE: (18 U.S.C. §§ 1956(a)(3)(A) & (B) and 2 – Money Laundering)

20.     On or about the dates set forth in the following table, in the Northern District of California and elsewhere, the defendant,

EDWIN HETHERTON,

and others known and unknown, unlawfully and knowingly, and with the intent to promote the carrying on of specified unlawful activity and to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, to wit, concealing property from a court in connection with a case under Title 11, in violation of Title 18, United States Code, Section 152, conducted and attempted to conduct a financial transaction, to wit, wire transfers, involving property represented to be the proceeds of specified unlawful activity, and property used to conduct and facilitate specified unlawful activity, as described in the following table:

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 123 | March 2, 2010 | Wire Transfer | $45,750 |
| 124 | March 4, 2010 | Wire Transfer | $40,000 |
| 125 | March 12, 2010 | Wire Transfer | $35,000 |

1    All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) & (B) and 2.

2    COUNTS ONE HUNDRED TWENTY-SIX THROUGH ONE HUNDRED TWENTY-NINE:  (18

3    U.S.C. §§ 1956(a)(3)(A) & (B) and 2 – Money Laundering)

4    21.    On or about the dates set forth in the following table, in the Northern District of

5    California and elsewhere, the defendant,

6    RICHARD LEYLAND,

7    and others known and unknown, unlawfully and knowingly, and with the intent to promote the carrying

8    on of specified unlawful activity and to conceal and disguise the nature, location, source, ownership, and

9    control of property believed to be the proceeds of specified unlawful activity, to wit, concealing property

10    from a court in connection with a case under Title 11, in violation of Title 18, United States Code,

11    Section 152, conducted and attempted to conduct a financial transaction, to wit, wire transfers, involving

12    property represented to be the proceeds of specified unlawful activity, and property used to conduct and

13    facilitate specified unlawful activity, as described in the following table:

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 126 | September 27, 2010 | Wire Transfer | $48,000 |
| 127 | October 4, 2010 | Wire Transfer | $52,000 |
| 128 | October 13, 2010 | Wire Transfer | $65,000 |
| 129 | December 22, 2010 | Wire Transfer | $20,000 |

    All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) & (B) and 2.

22    COUNT ONE HUNDRED THIRTY:  (18 U.S.C. §§ 641 and 2 – Theft of United States Property)

23    22.    From at least in or about early 2010, up through and including in or about July 2011, in

24    the Northern District of California and elsewhere, the defendant,

25    EDWIN HETHERTON,

26    and others known and unknown, unlawfully and knowingly embezzled, stole, purloined, and knowingly

27    converted to his use and the use of another money of the United States and a department and agency

28    thereof, to wit, HETHERTON stole approximately $29,000 of undercover money of the United States.

1      All in violation of Title 18, United States Code, Sections 641 and 2.

2      <u>COUNT ONE HUNDRED THIRTY-ONE</u>:  (18 U.S.C. §§ 641 and 2 – Theft of United States Property)

3          23.     From at least in or about early September 2010, up through and including on or about

4      October 22, 2010, in the Northern District of California and elsewhere, the defendant,

5                  RICHARD LEYLAND,

6      and others known and unknown, unlawfully and knowingly embezzled, stole, purloined, and knowingly

7      converted to his use and the use of another money of the United States and a department and agency

8      thereof, to wit, HETHERTON stole approximately $60,000 of undercover money of the United States.

9          All in violation of Title 18, United States Code, Sections 641 and 2.

10      <u>COUNT ONE HUNDRED THIRTY-TWO</u>:  (21 U.S.C. § 846 – Conspiracy to Distribute a Controlled

11      Substance/Possess a Controlled Substance with Intent to Distribute)

12          24.     From at least in or about March 2014, up through and including the date of this

13      Indictment, in the Northern District of California and elsewhere, the defendants,

14                (1) VLADIMIR HANDL,

15                (2) MICHAEL ROSE,

16                (5) DAVID GAITHER,

17                (8) PAUL FINK,

18                (9) JOHN DAVID MCGAHA,

19            (10) DOMINIC GABRIEL GRISSETT, and

20             (11) RICHARD OBRYANT BUSH,

21      and others known and unknown, unlawfully, knowingly, and intentionally combined, conspired,

22      confederated, and agreed together and with each other to distribute a controlled substance and to possess

23      a controlled substance with intent to distribute, to wit, 5 kilograms and more of mixtures and substances

24      containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections

25      841(a)(1) and (b)(1)(A).

26          All in violation of Title 21, United States Code, Section 846.

27      <u>FORFEITURE ALLEGATIONS</u>:  (18 U.S.C. § 1963 – Proceeds and Property Involved in Racketeering;

28      18 U.S.C. § 982(a)(1) – Proceeds and Property Involved in Money Laundering; 18 U.S.C. §

1  981(a)(1)(C) and 28 U.S.C. § 2461(c) – Proceeds and Property Derived from Theft of United States

2  Property; and 21 U.S.C. § 853(a)(1) & (2) – Proceeds and Property Derived from Narcotics Offenses)

3      25.    Counts One and Two of this Indictment are realleged, repeated, and incorporated by

4  reference as though fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions

5  of Title 18, United States Code, Section 1963.

6      26.    Upon conviction of any one of the offenses alleged in Count One and Count Two, the

7  defendants,

8                                            (1) VLADIMIR HANDL,

9                                            (2) MICHAEL ROSE,

10                                            (3) PETER SCALISE,

11                                        (4) PML CLUBS, INC., and

12                                          (5) DAVID GAITHER,

13  shall, pursuant to Title 18, United States Code, Section 1963, forfeit to the United States of America:

14          a.    Any interest acquired and maintained in violation of section 1962;

15          b.    Any interest in, security of, claim against, and property and contractual right of

16  any kind affording a source of influence over, any enterprise which the defendants established, operated,

17  controlled, conducted, and participated in the conduct of, in violation of section 1962; and

18          c.    Any property constituting, and derived from, any proceeds obtained, directly and

19  indirectly, from racketeering activity and unlawful debt collection in violation of 1962.

20      27.    Counts Three to One Hundred Twenty-Nine of this Indictment are realleged, repeated,

21  and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture

22  pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

23      28.    Upon conviction of any one of the offenses alleged in Count Three to Count One

24  Hundred Twenty-Nine of this Indictment, the defendants,

25                                              (1) VLADIMIR HANDL,

26                                            (2) MICHAEL ROSE,

27                                            (3) PETER SCALISE,

28                                            (4) PML CLUBS, INC.,

1    (5) DAVID GAITHER,

2    (6) EDWIN HETHERTON, and

3    (7) RICHARD LEYLAND,

4    shall, pursuant to 18 U.S.C. § 982(a)(1), forfeit to the United States any property, real and personal,

5    involved in said violations, and any property traceable to such property.

6        29.    Counts One Hundred Thirty to One Hundred Thirty-One of this Indictment are realleged,

7    repeated, and incorporated by reference as though fully set forth herein for the purpose of alleging

8    forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

9    United States Code, Section 2461(c).

10        30.    Upon conviction of any one of the offenses alleged in Counts One Hundred Thirty and

11    One Hundred Thirty-One of this Indictment, the defendants,

12    RICHARD LEYLAND and

13    EDWIN HETHERTON

14    shall, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code,

15    Section 2461(c), forfeit to the United States any property, real and personal, which constitutes or is

16    derived from proceeds traceable to said violations, and a conspiracy to commit said violations.

17        31.    Count One Hundred Thirty-Two of this Indictment are realleged, repeated, and

18    incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture pursuant

19    to the provisions of Title 21, United States Code, Section 853(a)(1) & (2).

20        32.    Upon conviction of the offense alleged in Count One Hundred Thirty-Two of this

21    Indictment, the defendants,

22    (1) VLADIMIR HANDL,

23    (2) MICHAEL ROSE,

24    (5) DAVID GAITHER,

25    (8) PAUL FINK,

26    (9) JOHN DAVID MCGAHA,

27    (10) DOMINIC GABRIEL GRISSETT, and

28    (11) RICHARD OBRYANT BUSH,

23

1  shall, pursuant to Title 21, United States Code, Section 853(a)(1) & (2), forfeit to the United States all

2  right, title, and interest in property constituting and derived from any proceeds defendants obtained,

3  directly and indirectly, as a result of said violations, and any property used, and intended to be used, in

4  any manner and part, to commit, or to facilitate the commission of the said violations, and any property

5  traceable to such property, including but not limited to:

6           a.    One guyed tower located at the end of N. Mill Creek Road, Quincy, California

7                95971, FCC Registration Number 1243951, File Number A0383054,

8                Latitude/Longitude 39-56-40.6N, 120-53-56.8W;

9           b.    One guyed tower located at the end of N. Mill Creek Road, Quincy, California

10                95971, FCC Registration Number 1243953, File Number A0383071,

11                Latitude/Longitude 39-56-41.6N, 120-53-58.8W; and

12           c.    One guyed tower located at the end of N. Mill Creek Road, Quincy, California

13                95971, FCC Registration Number 1243954, File Number A0383076,

14                Latitude/Longitude 39-56-42.6N, 120-53-57.8W.

15           d.    Two shelters located at the end of N. Mill Creek Road, Quincy, California 95971.

16           e.    One generator located at the end of N. Mill Creek Road, Quincy, California

17                95971.

18           f.    51% ownership of Young Millionaires Team, LLC.

19      33.    If any of the property described above, as a result of any act or omission of the

20  defendants:

21           a.    Cannot be located upon the exercise of due diligence;

22           b.    Has been transferred or sold to, or deposited with, a third party;

23           c.    Has been placed beyond the jurisdiction of the court;

24           d.    Has been substantially diminished in value; or

25           e.    Has been commingled with other property which cannot be divided without

26  difficulty,

27  the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 18,

28  United States Code, Sections 982(b)(1) and 1963(m), and Title 21, United States Code, Section 853(p).

1    All pursuant to Title 18, United States Code, Sections 1963, 982(a)(1), and 981(a)(1)(C), Title

2  21, United States Code, Section 853(a)(1) & (2), and Title 28, United States Code, Section 2461(c).

3

4  DATED:                                          A TRUE BILL.

5
     3/24/15
6
                                                   _____
7                                                  FOREPERSON

MELINDA HAAG
8  United States Attorney

9

10  DAVID R. CALLAWAY
11  Chief, Criminal Division

12

13  (Approved as to form:  _____ )
14                         W.S. WILSON LEUNG
                           DAVID B. COUNTRYMAN
15                         Assistant United States Attorneys

16

17

18

19

20

21

22

23

24

25

26

27

28

25